## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) ALEKSANDR RUBAN** | |
| **Plaintiff,** | Case No.: 22-CV-00403-GKF-JFJ |
| | **JURY TRIAL DEMANDED** |
| **v.** | |
| **(1) GPEX TRANSPORT, INC.** | |
| **(2) LOVEPREET SINGH** | |
| **(3) T-PINE LEASING CAPITAL CORP.** | **ATTORNEY LIEN CLAIMED** |
| **Defendant(s).** | |

## COMPLAINT

**COMES NOW** the Plaintiff, Aleksandr Ruban ("Plaintiff"), and for his causes of action against the above-named Defendants, alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Aleksandr Ruban, hereinafter ("Aleksandr") or ("Mr. Ruban") is a citizen of Tulsa County, State of Oklahoma, located in the Northern District of Oklahoma.

2.      Defendant GPEX Transport, Inc. ("GPEX") is a Canadian corporation and regularly conducts business in Tulsa, Oklahoma, with its principal place of business in Winnipeg, Canada.

3.      Defendant T-Pine Leasing Capital Corp. ("T-Pine") is a Canadian corporation and regularly conducts business in Tulsa, Oklahoma, with its principal place of business in Ontario, Canada.

4.      Defendant Lovepreet Singh, ("Singh") is a resident of Winnipeg, Canada, and is employed by GPEX.

1

5.     At all times relevant hereto, Defendant GPEX was an interstate motor carrier authorized to transport property in interstate commerce within the State of Texas and State of Oklahoma pursuant to one or more permits issued by the Interstate Commerce Commission and/or by the United States Department of Transportation ("USDOT").

6.     Defendant GPEX was subject to all state and federal laws, statutes, regulations, and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation, Texas statutes governing motor vehicles and commercial vehicles.

7.     At all times relevant hereto, Defendant Singh was a commercial motor vehicle driver operating a 2019 Volvo semi-truck with VIN number 4V4NC9EH4KN211082 owned, leased, assigned, and/or operated by GPEX and/or T-PINE, and Trailer VIN number 3H3V532C1MT088018 owned, assigned, and/or operated by GPEX and/or T-PINE. Accordingly, Singh was subject to all state and federal laws, statutes, regulations, and industry standards governing the safe inspection and operation of commercial motor vehicles.

8.     At all times relevant hereto, the tractor-trailer was owned, leased, assigned, and/or operated by GPEX and T-PINE, and were being operated and/or controlled by Singh with the knowledge and consent of Defendants for the financial benefit of Defendants.

9.     At all times relevant hereto, Singh was employed and/or contracted to perform services for and was operating the Volvo and Trailer for Defendants GPEX and T-Pine, and was subject to their supervision, control or right to control, such that Defendants should

2

be considered his actual and statutory employers or principals and therefore vicariously liable for Singh's negligence and recklessness.

10.     At all relevant times hereto, Singh was the agent, servant, and/or employee of Defendants GPEX and was acting in the course and scope of his employment, under the direction, control, and authority of Defendant GPEX.

11.     At all relevant times hereto, in regard to the subject Volvo and Trailer, Defendants acted as a single joint entity for transporting the subject property.

12.     The accident that gave rise to this litigation occurred in Walker County, Texas.

13.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1332, as there is diversity of citizenship between Plaintiff and Defendants, and Defendant GPEX's contacts within the state of Oklahoma are so continuous and systematic as to render them essentially at home in Oklahoma.

14.     The amount in controversy is more than $75,000.

15.     Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in different states and Defendant GPEX is subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

16.     Paragraphs 1 through 15 are incorporated herein by reference.

17.     On the day of February 15, 2021, at or around 11:05 a.m., Defendant Singh was operating a Tractor-trailer owned, assigned, and/or operated by GPEX and T-PINE in the right southbound lane of Interstate 44, in Huntsville, Texas.

18.     Simultaneously, Aleksandr Ruban also was operating a different Tractor-trailer in the right southbound lane of Interstate 44 in front of Singh's Tractor-trailer.

3

19.     Failing to control his speed on the 65 MPH highway in reckless disregard for the wellbeing and safety of other drivers, Singh suddenly slammed his Tractor-trailer into the rear of Mr. Ruban's vehicle while in a construction zone.

20.     As a direct result of the collision, Mr. Ruban has suffered significant chronic pain in his neck, back, shoulder, and leg. His Trailer also received extensive damage from the crash.

21.     At all times relevant hereto, Singh operated the Tractor-trailer in a reckless, careless, and negligent manner in violation of industry standards.

22.     There is no substantial controversy in this case that Singh, while employed by, and under the authority, supervision, and control of Defendants GPEX and T-PINE, was at fault in causing the collision with Mr. Ruban's tractor-trailer. For instance, Texas Department of Public Safety Officer Jimmy Bitner cited Singh's failure to control his tractor-trailer's speed as the cause of the crash in his official report.

## CAUSES OF ACTION

### NEGLIGENCE/NEGLIGENCE *PER SE*
### (As to all Defendants )

23.     Paragraphs 1 through 22 are incorporated herein by reference.

24.     Defendant Singh, as an employee and/or agent of Defendants GPEX and T-Pine, owed a duty to the Plaintiff, and all other drivers on the road, to operate the commercial vehicle in a safe and reasonable manner, using ordinary care to prevent injury to other persons and to keep a lookout consistent with the safety of other vehicles.

25.     By failing to operate the vehicle in such a way, and by acting recklessly with complete disregard for the health and well-being of Plaintiff and all other drivers on the road, Defendant Singh breached the duty owed.

26.     Defendant Singh's breach was the actual and proximate cause of Plaintiff's injuries.

27.     At the time of the February 15, 2021 crash, the tractor-trailer driven by Defendant Singh was controlled and operated at the direction of GPEX and was being operated for the purpose of interstate or intrastate commerce.

28.     At the time of the February 15, 2021 crash, Singh, was acting in the scope and course of his employment with Defendants GPEX/T-Pine.

29.     Pursuant to the Federal Motor Carrier Safety Act,  GPEX/T-Pine are liable for the injuries suffered by Plaintiff that resulted from the negligent operation of its semi-trailer truck being driven by Singh.

30.     Furthermore, GPEX/T-Pine breached the duty owed to Plaintiff by failing to comply with all applicable state and federal standards and regulations, which were enacted to protect the public, including Plaintiff, from injury. Plaintiff's injuries were of the type intended to be prevented by these standards and regulations. GPEX/T-Pine's breach was the actual and proximate cause of Plaintiff's damages.

31.     As a result, Plaintiff has suffered personal injury, including medical expenses, mental and physical pain and suffering, and other actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

## NEGLIGENT HIRING, SUPERVISION, RETENTION, AND MAINTENANCE

32.     Paragraphs 1-31 are incorporated herein by reference.

33.     GPEX had a duty to train and supervise any and all employees and/or agents in the performance of executing their delivery routes, as well as ensuring the safe operation of the semi-trailer truck.

34.     Moreover, at the time of the accident, GPEX knew or should have known that Singh

lacked any proper training or experience operating the type of semi-trailer truck involved in the subject accident.

35.     By failing to to train and supervise Singh, as well as retaining him as an employee and/or agent of the GPEX-T-Pine, Defendants breached the duty owed to Plaintiff, and all other drivers on the road.

36.     This breach was the actual and proximate cause of Plaintiff's injuries.

37.     As a result, Plaintiff has suffered personal injury, including medical expenses, mental and physical pain and suffering, and other actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

## PUNITIVE DAMAGES

38.     Paragraphs 1-37 are incorporated herein by reference.

39.     The willful, wanton, and reckless conduct of Defendants and utter indifference to the safety, health, and well-being of Mr. Ruban entitles Plaintiff to an award of exemplary damages under Oklahoma law. Furthermore, Defendants willfully, wantonly, and recklessly failed to comply with applicable state and federal safety laws and regulations regarding the operation and use of their vehicles, and such actions or inactions were not only detrimental to Mr. Ruban but to the public at large.

40.     The acts of Defendants were wrongful, culpable, and so egregious that punitive damages in a sum that exceeds Seventy-Five Thousand Dollars ($75,000.00) should be awarded against them to set an example to others similarly situated that such inexcusable conduct will not be tolerated.

WHEREFORE, premises considered, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand

Dollars ($75,000.00) with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), costs and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN & ROYTMAN**

Daniel E. Smolen, OBA #19943
Oleg Roytman, OBA #20321
Ryan C. Harper, OBA #18388
701 S. Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax
www.ssrok.com
*Attorneys for Plaintiff*